United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

vs.

Dell PowerEdge Server, Serial
Number JNFHSW1, and

Any and All Cryptocurrency or
Other Digital Assets Contained
in Virtual Currency Wallets Residing
on the Dell PowerEdge Server, Serial
Number JNFHSW1,

        Defendants *in rem*.

Civil No. 19-12863

Honorable Gershwin A. Drain

---

**Stipulation for Consent Judgment and Final Order of Forfeiture**

---

The parties **STIPULATE** and **AGREE** as follows:

1. On October 1, 2019, the United States of America filed a verified complaint for forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), resulting from a violation or violations of 18 U.S.C. § 1960, against the defendants *in rem*, Dell PowerEdge Server, Serial Number JNFHSW1, and Any and All Cryptocurrency or Other Digital Assets Contained in Virtual Currency Wallets Residing on the Dell PowerEdge Server,

Serial Number JNFHSW1. (ECF No. 1).

2. The government completed service of the complaint on June 5, 2020, (ECF No. 18), and completed online publication of Notice of Forfeiture Action on an official government internet site, (www.forfeiture.gov) on August 12, 2020 (ECF No. 48). Between May 12, 2020, and January 6, 2023, 75 claims were filed as to a subset of the defendants *in rem*.

3. No other verified claims have been filed in this judicial action with regard to those defendants *in rem*, and the time for filing such pleadings has expired.

4. The government filed motions to strike 28 of the filed claims (ECF No. 105-117, 119, 124-137), which were granted on September 21, 2023 (ECF No. 138).

5. The government reached agreements with the remaining 47 claimants to settle their outstanding claims by way of this Stipulated Judgment. As part of each such agreement, the undersigned claimants agreed as to the the kind and amounts of cryptocurrency contained in their Coingather accounts at the time defendants *in rem* were seized (the "Account Coins"). These kinds and amounts of cryptocurrency

2

differed from the kinds and amounts of cryptocurrency initially included in their filed claims.

6. Plaintiff, the United States of America, and the undersigned Claimants, wish to resolve this matter without further litigation and expense.

Now therefore, the parties stipulate as follows:

7. This action is a civil *in rem* forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(A).

8. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355, 1391, and 1395.

9. The allegations of the Complaint for Forfeiture are well taken, the United States and its agents had reasonable cause for seeking forfeiture of the above-enumerated property as provided in 18 U.S.C. § 981(a)(1)(A), the Government's position in this action is substantially justified as provided in 28 U.S.C. § 2412(d)(1)(B), and the undersigned Claimants shall not claim or seek attorney fees from the United States under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute, or regulation.

10. Acceptance of this settlement by the undersigned Claimants

does not constitute an admission of liability or an acknowledgement of any wrongdoing whatsoever on the part of the undersigned Claimants.

11. The following property, a subset of the Account Coins and defendants *in rem* **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A). Further, any right, title, or interest of each undersigned Claimant and his or her successors and assigns in the below property is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service ("USMS") is **AUTHORIZED** to dispose of the property according to law:

  A. 60000000 020LondonCoin;

  B. 0.000387 Bcash;

  C. 0.00000098 Bitcoin;

  D. 23595811.88 CageCoin;

  E. 255 CoinGatherCoin;

  F. 1548508.21363929 DevCoin;

  G. 4.48880017 DiamondCoin;

  H. 0.00000033 DogeCoin;

  I. 100754.17322416 Espers New Chain;

      J.      0.00004429 Ethereum;

      K.      99 Exceleum;

      L.      500 ReddCoin; and

      M.      385823.11019074 SGelderGER.

12. In addition to the defendants *in rem* included in paragraph 11, the undersigned claimants hereby release any and all claims, either explicitly or implied, against all remaining defendants *in rem* not addressed in their respective signature pages.

13. Upon entry of this Stipulated Consent Judgment, the remainder of the Account Coins shall not be forfeited, but be **RETURNED** to each Claimant, in the kind and amounts listed in each Claimants' Stipulated Consent Judgment signature page ("Returned Property"). The Claimants are listed below in paragraphs 13A-RR. The Account Coins shall be returned less any debt owed to the United States, any agency of the United States, or any other debt that the United States is authorized to collect from each Claimant, including but not limited to any debts collected through the Treasury Offset Program.

    A. Alwi, Syed Ali Al Uraidhi Bin Syed;

    B. Bakx, Michael;

C. Barnaby, Sean;

D. Barreto, Miguel;

E. Block, Steven;

G. Camarata, Jared;

H. Camargos, Bruno;

I. Carver, Marlena;

J. Chololowicz, Andrzej;

K. Corrieri, Luiz;

N. Filho, Nelson Alvarenga;

O. Frei, Marcel;

P. Ga'l, Norbert;

Q. Gray, Lydon;

S. Hakima, Ibrahim;

T. Hannon, Martin;

U. Heesakkers, Dave;

V. Huber, Stefan;

W. Jbara, Osama;

X. Jungmann, Markus;

Y. King, Komar;

6

Z. Kusek, Damien;

AA. Lutz, Karl;

CC. Martins, Cunha Luis Felipe;

EE. Mieszkowski, Marcin;

FF. Moreira de Fritas, Tiago;

GG. Mourao, Leandro;

II. Parker, Charlie;

KK. Pinto, Raphael;

LL. Sacco, Ricardo;

MM. Schowitz, Sabine;

NN. Sharma, Ram Bhagat;

OO. Sidonio, Paulo Henrique Martins;

PP. Schliebener, Yves;

QQ. Szulc, Artur;

RR. Vach, Anthony;

SS. Wallace, Duncan;

TT. Weets, Carmen; and

UU. Wnuk, John.

14. The Federal Bureau of Investigation, or its delegate, will not transfer the Returned Property until: (1) the judicial forfeiture proceedings have been concluded; (2) each undersigned Claimant has supplied the United States with the necessary information for the transfer of the Returned Property to their desired cryptocurrency wallet location; and (3) the FBI and the USMS (or its delegates) have successfully completed the technical steps necessary to securely transfer the Returned Property to each undersigned Claimants' desired cryptocurrency wallet location.

15. Upon entry of this judgment, each undersigned Claimant forever waives any appellate rights he or she may have pertaining to this civil forfeiture action.

16. The undersigned Claimants hereby knowingly and voluntarily waive any and all right to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with this civil forfeiture action under 28 U.S.C. § 2465(b)(1)(A), or any other statute that might conceivably apply.

17. The undersigned Claimants agree to release, remise, and discharge plaintiff, the United States of America, and any of its

agencies involved in this matter, including the FBI, the United States Attorney's Office, and their agents, officers and employees, past and present, from all claims or causes of action which the undersigned Claimants and his or her agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above-captioned action.

18. The undersigned Claimants have had the opportunity to discuss this settlement with counsel if they so desired, and fully understand its terms and conditions and the consequences of entering into it. The parties agree that each shall bear their own costs in this matter.

Dawn N. Ison
United States Attorney

s/ Michael El-Zein
Michael El-Zein (P79182)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9770
michael.el-zein@usdoj.gov

Dated: 3/11/24

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: March 27, 2024

s/ Gershwin A. Drain
Honorable Gershwin A. Drain
United States District Judge

E. Block, Steven

I filed a claim in this matter. (ECF No. 79).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

   i. 0. 0.01020286 Lite Coin (LTC);
   ii. 163700000 NewYorkCoin (NYC); and
   iii. 33112.50000872 HTMLCOIN (HTML).

The following property **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), in accordance with paragraphs 11 and 12. Further, any right, title or interest of each Claimant and his or her successors and assigns in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service is **AUTHORIZED** to dispose of the property according to law:

   i. 0.00000001 Bitcoin (BTC); and
   ii. 20000000 020LondonCoin.

s/ *Steven Block*

Steven Block
Claimant, *pro se*
PO Box 140979
Dallas, TX 75214
freedom@airmail.net

Dated:

K. Corrieri, Luiz

I filed a claim in this matter. (ECF No. 60).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

    i.    1353563.122 HTMLCOIN (HTML).

The following property **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), in accordance with paragraphs 11 and 12. Further, any right, title or interest of each Claimant and his or her successors and assigns in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service is **AUTHORIZED** to dispose of the property according to law:

    i.    0.00000001 Bitcoin (BTC); and
    ii.    5 CoinGatherCoin (CGC).

s/ *[signature]*

Luiz Corrieri
Claimant, *pro se*
R. Olegário Maciel, 456 / 503
Centro Lagoa da Prata – MG
Brazil 35.590-000
luizcorrieri@gmail.com

Dated: 15th of December of 2023

S. Hakima, Ibrahim

I filed a claim in this matter. (ECF No. 31).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

    i. 0.02268537 Bitcoin (BTC); and
    ii. ii. 8534.92272038 DogeCoin (DOGE).

The following property **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), in accordance with paragraphs 11 and 12. Further, any right, title or interest of each Claimant and his or her successors and assigns in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service is **AUTHORIZED** to dispose of the property according to law:

    i. 99 Exceleum (EXM);
    ii. 10 CoinGatherCoin (CGC); and
    iii. 4.48880017 DiamondCoin (DIAMOND).

s/ Ibrhim Hakim

Ibrahim Hakima
Claimant, *pro se*
P.O. DRAWER 1911
Flomaton, AL 36441
leagueking1@gmail.com

Dated:

X. Jungmann, Markus

I filed a claim in this matter. (ECF No. 20).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

    i.    0.11192801 Bitcoin (BTC); and
    ii.   109865.421 InfinityEconomics (XIN).

s/ *[signature]*

Markus Jungmann
Claimant, *pro se*
Spatzenweg 7
31840 Hessisch Oldendorf
Germany
mjungmann@web.de

Dated: 2. 12. 2023

EE. Mieszkowski, Marcin

I filed a claim in this matter. (ECF No. 38).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

    i.    2.38293117 Bitcoin (BTC).

The following property **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), in accordance with paragraphs 11 and 12. Further, any right, title or interest of each Claimant and his or her successors and assigns in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service is **AUTHORIZED** to dispose of the property according to law:

    i.    10 CoinGatherCoin (CGC).

s/ *Marcin Mieszkowski*

Marcin Mieszkowski
Claimant, *pro se*
Enklawy 9/7 05-509
Józefoslaw Poland
helsingpl@gmail.com

Dated: DEC 8th, 2023

JJ. Sacco, Ricardo

I filed a claim in this matter. (ECF No. 59).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

    i.    59130000 HTMLCOIN (HTML).

The following property **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), in accordance with paragraphs 11 and 12. Further, any right, title or interest of each Claimant and his or her successors and assigns in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service is **AUTHORIZED** to dispose of the property according to law:

    i.    0.00000001 Bitcoin (BTC); and
    ii.   0.00000001 Ethereum (ETH).

s/ _[signature]_
Ricardo Sacco
Claimant, *pro se*
Rua Professor Djalma Guimarães 256
Belo Horizonte, Minas Gerais, Brazil
ricardosacco@terra.com.br

Dated: 12-14-2023

QQ. Szulc, Artur

I filed a claim in this matter. (ECF No. 41).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

   i. 0.0000079 Bitcoin (BTC); and
   ii. 109026.7754 InfinityEconomics (XIN).

s/ Szulc Artur

Artur Szulc
Claimant, *pro se*
Sloneczna 41
64234 Radomierz
gikada41@gmail.com

Dated: 06-12-2023

A. Alwi, Syed Ali Al Uraidhi Bin Syed

I filed a claim in this matter. (ECF No. 85).

The following property **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), in accordance with paragraphs 11 and 12. Further, any right, title or interest of each Claimant and his or her successors and assigns in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service is **AUTHORIZED** to dispose of the property according to law:

    i. 5 CoinGatherCoin (CGC).

s/ _____

Syed Ali Al Uraidhi Bin Syed Alwi
Claimant, *Pro se*
24 Jalan Elektron U16/63.
Denai Alam, 40160
Shah Alam, Selangor, Malaysia
Perfecto83@msn.com

Dated: 11 NOVEMBER 2023

G. Camarata, Jared

I filed a claim in this matter. (ECF No. 101).

The following Defendant Currency shall **NOT** be forfeited but shall be **RETURNED** to the party listed above following the entry of this Stipulated Consent Judgment, in accordance with paragraphs 13 and 14:

 i. 0.18096222 Bitcoin (BTC); and
 ii. 1889999 NewYorkCoin (NYC).

The following property **SHALL BE FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), in accordance with paragraphs 11 and 12. Further, any right, title or interest of each Claimant and his or her successors and assigns in the Forfeited Currency is hereby and forever **EXTINGUISHED**, and clear title to said assets shall hereby be **VESTED** in the United States, and the United States Marshals Service is **AUTHORIZED** to dispose of the property according to law:

 i. 5 CoinGatherCoin (CGC).

s/ *[signature]*

Jared Camarata
Claimant, *pro se*
1716 Morning Quail Dr.
Austin, TX 78759
me@jaredcamarata.com

Dated: